## THE STATE, GEORGE A. HUTCHINSON, PROSECUTOR, v. ANDREW K. ROWAN ET AL.

1. A *certiorari* was directed to a judge of the Common Pleas who had received a petition for an election under the Borough act of 1878 (*Rev. Sup., p. 44*), and made an order thereon to the county clerk, who had filed the order, and to the petitioners who had presented the petition. No command was addressed to petitioners. *Held*, that a return by petitioners was irregular and not to be noticed, but that the writ should not be quashed because thus directed to them.

2. When the *certiorari* was allowed before the day fixed for election, and by a special *allocatur* the election was allowed to be held, but all subsequent proceedings were stayed—*Held*, that an order which substantially departed from the requirements of the act, in that it required the polls to be open for one hour less than prescribed, was fatally defective, although the result of such election may not have been affected thereby.

---

On *certiorari*.

Argued at November Term, 1894, before Justices DIXON, MAGIE and LIPPINCOTT.

For the prosecutor, *William M. Lanning* and *Symmes B. Hutchinson.*

For the defendants, *James F. Rusling.*

The opinion of the court was delivered by

Magie, J. The writ in this cause was directed to Robert S. Woodruff, Jr., judge of the Court of Common Pleas of the county of Mercer; Barker Gummere, clerk of said county, and Andrew K. Rowan and sixteen other persons. It commanded the judge and clerk to whom it was addressed to certify into this court a petition presented to said judge by Rowan and the sixteen other persons named, praying for an election to be held within a part of the township of Hamilton, in said county, to determine whether or not a borough government should be therein established, and also all orders, notices and proceedings thereon had or made by them. There was no command addressed to petitioners.

The writ has been returned by the judge and clerk, with the petition and a notice or order for holding the election prayed for, signed by the judge and filed by the clerk.

Rowan and the other petitioners have also made a return to the writ, containing not only the petition and order, but also subsequent proceedings terminating in an election, the result of which was favorable to incorporation as a borough. These subsequent. proceedings took place under a special *allocatur* which provided that the writ, which was tested before the day fixed for the election, should not stay the holding of the election but should "stay all proceedings under and subsequent thereto."

The only return which can be noticed is that made in obedience to the command of the writ. The return made by petitioners is obviously irregular and cannot be considered, because (1) they were not commanded to make return; (2) they had not the custody of some of the proceedings returned, and (3) if they had the custody of others, such proceedings were taken after the allowance of the writ.

But petitioners move that the writ be quashed, either wholly or at least as to them.

The ground alleged for quashing the whole writ was presented on a similar motion made before the judge who allowed it, and was there disposed of by a proper amendment.

The contention that the writ should be quashed as to petitioners is rested upon the action of this court in *Kirkpatrick* v. *Commissioners*, 13 *Vroom* 510. But the cases are not parallel. In that case the writ was directed to two corporate bodies representing the people of a municipality. It commanded both to certify proceedings that were in the custody of only one of them. The writ was quashed as to the body which did not have custody of the record to be certified, because of that fact, and because the other body was, in respect to the proceedings in question, the guardian of the rights of the municipality. In this case petitioners are not commanded to return anything, and they are the persons interested in maintaining the order made on their petition.

In the case last cited it was said that when it was proper to make persons interested in maintaining an order or judgment brought into this court by *certiorari*, parties to the proceedings, it might conveniently, " though, perhaps, inartistically," be done by directing the writ to them and serving it upon them. The older practice seems to have been to direct the writ to those persons who were commanded to certify the judgment or order to be reviewed, and to endorse it with the names of those interested in sustaining such judgment or order as defendants, and serve it upon them. *State* v. *Kirby*, 2 *South.* \*835 ; *State* v. *Hanford*, 6 *Halst.* 71 ; *Griscom* v. *Gilmore*, 3 *Gr.* 475 ; *State* v. *Justice*, 4 *Zab.* 413. They thus acquired knowledge of the removal for review to this court.

The insertion of the names of persons interested in the body of the writ and serving it upon them, obviously gives them notice as effectually as if the former practice is followed. When the writ lays no command upon them, the insertion of their names does them no injury and is not a ground for quashing the writ as to them.

The motion cannot prevail.

Prosecutor has presented several reasons for setting aside the proceedings brought here by this writ. As one of them discloses a defect in the order which is deemed fatal to its validity, the others need not be considered.

The reason in question objects to the order of the judge, because it directed the election to be held between the hours of seven o'clock in the morning and seven o'clock in the evening.

The petition before us was made under the "Act for the formation of borough governments," approved April 5th, 1878. *Rev. Sup., p.* 44. That act expressly requires that, at elections ordered upon such petitions, the polls shall open and close at the same hours as at general elections. By a supplement to the Election law, approved January 28th, 1889 (*Pamph. L., p.* 11), polls are required to be open from six o'clock in the morning to seven o'clock in the evening, at all elections, whether general or local.

The order is, therefore, obviously not in accord with the express requirements of the act under which it was made.

Defendants, the petitioners, have taken affidavits by which it appears that, at the election, a large majority of the voters were in favor of incorporation, and it may, perhaps, be inferred that the opening of the polls one hour later than required by law did not affect the result.

It is thereupon strenuously argued that the rule that elections will not be invalidated by reason of informalities or irregularities which do not affect the result should be applied.

But in my judgment the argument is not applicable to the case before us.

Had the officers of the election been permitted to file, in the office of the county clerk, their certificate of its result, the inhabitants of the borough would have become a body corporate, in fact and in law, by the express terms of the act of 1878. Thereafter no one could question, by *certiorari*, the preliminary proceedings, but the corporation created thereby

could only be dissolved by *quo warranto*.  *Campbell* v. *Wainright*, 21 *Vroom* 555.

Upon an application for a *quo warranto* in such a case, the argument now addressed to us might not be inappropriate. The court might exercise a discretion as to the allowance of a writ which would disturb the incorporation founded on such an election. *State* v. *Tolan*, 4 *Vroom* 195. On the other hand, the court might distinguish between an informality occurring in an election held under an existing charter, and a lack of conformity to the terms prescribed by law for an election to constitute a municipality.

But prosecutor applied for, and was allowed, this writ before the time fixed for holding the election. It was a proper exercise of discretion to permit the election, of which notice had been given, to proceed, for, if the order should have been affirmed, it would prevent the necessity of a new order and notice. Having sought his remedy promptly, prosecutor is entitled to have the proceedings reviewed and adjudicated upon without reference to the result of the election which, *ex gratia*, was permitted to be held.

In my judgment it would establish a dangerous precedent to sustain an order of this sort, containing a substantial departure from the requirements of the act, upon the ground that no harm might be done thereby. If the judge may shorten the voting period one hour, it is difficult to see why he may not further reduce it, if he deems a less time sufficient. As only fifty-four votes were cast in this case, it is obvious that they could have been cast in a very short time. But the law has expressly provided for a fixed period of time during which votes may be cast. It will not support an order providing for less time to say that such time might be, and proved to be, sufficient. When challenged, as in this case, such an order must be condemned because it is not in conformity with the law and might prove injurious.

The result is that the order must be set aside and vacated, with costs.